IN THE IOWA DISTRICT COURT IN AND FOR CHICKASAW COUNTY

| | |
|---|---|
| DEVIN GRAINGER, on Behalf of Himself and Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PRECISION OF NEW HAMPTON, INC.,<br><br>　　　　Defendant. | CASE NO. LACV004294<br><br>SECOND AMENDED CLASS ACTION PETITION |

Plaintiff Devin Grainger for his Class Action Petition on behalf of himself and all others similarly situated, for causes of action against Precision of New Hampton, Inc., states:

## SUMMARY OF THIS ACTION

1. Plaintiff brings this class action under the Iowa Wage Payment Collection Law (IWPCL), Iowa Code Chapter 91A, for damages sustained as a result of Defendant's unlawful failure to pay wages. Specifically, Plaintiff challenges the Defendant's practice of failing to compensate employees for wages withheld in 2020 and Defendant's practice of intentionally withholding wages in violation of Iowa Code 91A.3.

2. These claims are prosecuted by one class, the former, current and future similarly situated employees of Precision of New Hampton, Inc.

3. As a result of Defendant's unlawful conduct, the Plaintiff and members of the Class are entitled to unpaid wages, liquidated damages, attorney fees and equitable relief.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to the IWPCL, Iowa Code Chapter 91A.

5. This Petition is not based upon federal law or any federal question. No claim for relief is made under federal law.

6. Additionally, this action does not satisfy the elements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified at 28 U.S.C. §§ 1332(d), 1335(a)(1), 1453, 1603(b)(3), 1711-15) because the matter in controversy does not exceed, exclusive of interest and costs, the sum of $5,000,000 when the claims of individual members of the Class are aggregated to determine the amount in controversy.

7. As the federal courts do not have subject matter jurisdiction over the claims asserted herein, this action is not subject to removal to federal court.

8. Pursuant to Iowa Code § 617.3 venue is proper in Chickasaw County as Defendant's place of business is in this county.

## THE PARTIES

9. Plaintiff, Devin Grainger ("Grainger"), at all material times has been a resident of Iowa.

10. In the past two years, Grainger has been an employee of Precision of New Hampton, Inc. ("Precision") within the definition of "employee" in Iowa Code § 91A.2.

11. Defendant Precision is a corporation based in Iowa with a home office in Iowa doing business in Iowa.

12. Precision is an "employer" within the definition of Iowa Code § 91A.2.

## CLASS ACTION ALLEGATIONS

13. Plaintiff Grainger brings this action pursuant to Iowa Rule of Civil Procedure 1.261 on behalf of the Class identified below.

14. The Class consists of all former, current and future Precision employees in Iowa within the past two years of the date of filing of this Petition who were eligible to receive, what Defendant deemed to be, a Summer or Holiday bonus.

15. Grainger, as a Precision employee who was not paid all his wages and had wages paid unlawfully late, is a representative of an ascertainable class that is composed of employees working on behalf of Defendant in Iowa.

16. On information and belief, the membership of the Class likely includes more than 100 individuals, the exact number of past and current employees working in Iowa being known to Defendant.

17. The Class is so numerous that joinder of all members is impracticable.

18. Joinder is also impractical because potential Class members reside in different counties and judicial districts within the State of Iowa.

19. There are questions of law and facts common to each member of the Class. Such common questions include, but are not limited to:

    a. Whether Defendant's conduct and practice of withholding wages in 2020 for "bonuses" which were not paid violates the IWPCL, § 91A.

    b. Whether Defendant's conduct and practice of withholding wages to be paid in the future violates the IWPCL, § 91A.3(1).

    c. Whether Defendant's conduct and representations to pay a wage rate or effective wage rate constitute an enforceable contract.

3

20. The members of the Class have a common interest with respect to questions of law and fact. Grainger's claims are typical of the claims of absent members of the Class.

21. Grainger's claims also fairly encompass the claims of absent members of the Class. Moreover, Grainger and absent members of the Class are similarly situated and have been harmed by the same course of unlawful conduct herein.

22. It is further appropriate to proceed with this action on behalf of the Class members because:

   a. A joint and common interest exists among members of the class;

   b. The prosecution of actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant;

   c. As a practical matter, adjudications with respect to the individual members of the Class would be dispositive of the interests of other members not parties to the adjudications, and/or would substantially impair or impede their ability to protect their interests; and

   d. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

23. Plaintiff has retained lawyers who are experienced litigators with substantial experience litigating wage and hour matters on a classwide basis. The lawyers

have agreed to advance the costs of the out-of-pocket expenses of this litigation and have the ability to do so.

## FACTUAL BACKGROUND

24. Grainger began work for Defendant in 2016.

25. Defendant had a practice of paying what it called a "bonus" to employees in the summer and also in the latter part of the year approximately within a week of Thanksgiving (hereinafter "bonus").

26. During his time employed by Defendant, Grainger received the bonuses described in the previous paragraph.

27. In 2019 and through the first five months of 2020, Grainger received an email with each paystub as an attachment. The email stated the hourly rate on the paystub does not factor in his bonuses or the additional 401(k) compensation provided by Defendant. The email stated that his effective hourly rate was actually in excess of $3.00 per hour greater than the hourly rate on the paystub when the bonuses and 401(k) contributions were taken into account. Exhibit A.

28. Starting June 3, 2020, the regular email with paystub attached no longer stated the hourly rate or identified bonuses which would be paid to Grainger. Exhibit B.

29. In 2020, an investigation by the United States Department of Labor Wage and Hour Division determined Defendant must pay a total of $279,505 in back wages to its employees. Exhibit C.

30. In the summer of 2020, Defendant failed to pay the Summer bonus to a group of employees.

31. Since the summer of 2020, Defendant has continued to withhold a portion of employee wages to fund subsequent Holiday and Summer bonuses.

32. Defendant maintains no employee was entitled to a bonus during the applicable time period.

33. Defendant circulated advertisements for job openings which stated employees received two annual bonuses.

34. Defendant acknowledges the effective hourly rate and or bonus were used as retention and hiring tool.

35. Defendant failed to pay the mid-year 2020 bonus, in part, as a result of paying back wages referred to in paragraph 29 to employees.

### COUNT 1–VIOLATION OF IWPCL, § 91A, GENERALLY

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Class Action Petition as if fully set forth herein.

37. The wages, characterized by Defendant as "bonuses," identified in Exhibit A entitled employees to wages within the meaning of the IWPCL.

38. Defendant has violated the IWPCL by failing to pay any compensation for wages withheld to fund the Summer 2020 bonus.

39. Defendant has willfully and intentionally violated the IWPCL.

40. Defendant is liable for unpaid wages, court costs, liquidated damages, and attorney fees in the recovery of the unpaid wages.

WHEREFORE Plaintiffs request the following relief:

1. Defendant's conduct complained of herein be declared in violation of Plaintiffs' rights as secured by the IWPCL;

2. Plaintiffs be awarded back pay with interest for all wages earned but not paid, and unpaid and underpaid wages;

3. Plaintiffs be awarded liquidated damages within the meaning of Iowa Code § 91A.2(6);

4. An order be entered permanently enjoining and restraining Defendant from violating the provisions of the IWPCL;

5. Plaintiffs be awarded attorneys' fees and costs in prosecuting this action; and

6. Plaintiffs be awarded such other relief that is just and equitable.

## COUNT 2–VIOLATION OF THE IWPCL, § 91A.3

41. Plaintiff incorporates by reference paragraphs 1 through 40 of this Class Action Petition as if fully set forth herein.

42. Defendant was obligated to pay all wages due at least in monthly, semimonthly or biweekly installments on regular paydays which are at consistent intervals. A regular payday shall be not more than twelve days, excluding Sundays and legal holidays, after the end of the pay period in which the wages were earned.

43. Plaintiff earned wages and was paid wages on a weekly basis.

44. Defendant failed to pay all wages earned in a timely manner consistent with the deadlines imposed by § 91A.3(1).

45. The failure of Defendant to pay all wages in accordance with § 91A.3(1) has been willful and intentional.

46. Defendant is liable for unpaid wages, court costs, liquidated damages, and attorney fees in the recovery of the unpaid wages.

WHEREFORE Plaintiffs request the following relief:

1. Defendant's conduct complained of herein be declared in violation of Plaintiffs' rights as secured by the IWPCL;

2. Plaintiffs be awarded liquidated damages within the meaning of Iowa Code § 91A.2(6);

4. An order be entered permanently enjoining and restraining Defendant from violating the provisions of the IWPCL;

5. Plaintiffs be awarded attorneys' fees and costs in prosecuting this action; and

6. Plaintiffs be awarded such other relief that is just and equitable.

## COUNT 3 – BREACH OF CONTRACT

47. Plaintiff incorporates by reference paragraphs 1 through 46 of this Class Action Petition as if fully set forth herein.

48. During Plaintiff's employment with Defendant, he was issued regular pay stubs and emails to which pay stubs were attached which set forth definite and specific wage rates at which his work was being compensated.

49. During and after such times when Defendant communicated definite and specific wage rates to Plaintiff, he forsook other employment alternatives and remained in Defendant's employ so as to constitute an acceptance of the definite and specific wage rates communicated in the pay stubs and emails.

50. Plaintiff gave consideration for Defendant's offer of continued employment by giving continued service to Defendant and foregoing other employment opportunities, all in reasonable reliance upon the guarantees found in the pay stubs and emails to which the pay stubs were attached.

51. Defendant has breached its employment contract with Plaintiff by failing to pay all definite and specific wage rates multiplied by hours worked.

WHEREFORE Plaintiffs request the following relief:

1. Defendant's conduct complained of herein be declared to be in breach of contract;
2. Plaintiffs be awarded compensatory damages in the amount of the difference between the amount of wages promised in paystubs and emails to which pay stubs were attached and amounts actually paid to Plaintiffs;
3. Plaintiffs be awarded interest on the sum of compensatory damages;
4. Plaintiffs be awarded attorneys' fees and costs in prosecuting this action; and
5. Plaintiffs be awarded such other relief that is just and equitable.

## COUNT 4 – NEGLIGENT MISREPRESENTATION

52. Plaintiff incorporates by reference paragraphs 1 through 51 of this Class Action Petition as if fully set forth herein.
53. Defendant advertised and communicated two annual bonuses and an effective hourly rate incorporating wages earned towards bonuses.
54. Defendant denies any obligation to pay the bonuses or effective hourly rate.
55. Defendant acknowledges the bonuses and effective hourly rate were used as a hiring and retention tool for employees.
56. Plaintiffs had received two annual bonuses regularly for several years prior to 2020.
57. Defendant failed to exercise reasonable care or competence in communicating bonuses and/or the effective wage rate employees would receive in 2020.

9

58. Plaintiffs justifiably relied on the information communicated by Defendant and suffered a loss.

WHEREFORE Plaintiff requests the following relief:

1. Defendant's conduct complained of herein be declared to constitute negligent misrepresentation;
2. Plaintiffs be awarded compensatory damages;
3. Plaintiffs be awarded interest on the sum of compensatory damages;
4. Plaintiffs be awarded such other relief that is just and equitable.

### COUNT 5 – RETALIATION IN VIOLATION OF 29 U.S.C. 215

59. Plaintiff incorporates by reference paragraphs 1 through 58 of this Class Action Petition as if fully set forth herein.
60. An employee of Precision filed a complaint or instituted or caused to be instituted a proceeding for unpaid wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201-219.
61. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).
62. As a result of the proceeding, Precision agreed to pay $279,505 to remedy its violations of the FLSA.
63. In retaliation, Precision withheld paying the full amount of the mid-year 2020 bonus to employees including Plaintiffs.
64. The failure to pay the mid-year 2020 bonus constitutes adverse employment action negatively impacting employees including Plaintiffs.

WHEREFORE Plaintiff requests the following relief:

1. Defendant's conduct be found in violation of 29 U.S.C. 215;

2. Plaintiffs be awarded all mid-year 2020 wages which were unpaid;

3. Plaintiffs be awarded an equal amount in liquidated damages;

4. Plaintiffs be awarded attorney fees and costs;

5. Plaintiffs be awarded such other relief that is just and equitable.

## COUNT 6 – WRONGFUL WITHHOLDING OF BONUS WAGES IN VIOLATION OF PUBLIC POLICY

65. Plaintiff incorporates by reference paragraphs 1 through 64 of this Class Action Petition as if fully set forth herein.

66. In 2020, the US DOL WHD instituted an investigation of Defendant leading to Defendant paying employees, including Plaintiffs, $279,505 to remedy its violations of the FLSA.

67. Defendant slashed the mid-year 2020 bonuses because of the $279,5050 in back wages paid to employees, including Plaintiffs, to compensate for its violations of the FLSA.

68. Defendant's cancellation of bonus wages violates established public policy of the State of Iowa as defined by statute, regulation and judicial decision which public policy would be undermined and jeopardized under the circumstances of this case.

69. Defendant refused to pay the regularly scheduled bonus wages in retaliation for employees asserting their rights to be paid in accord with the FLSA.

70. Defendant's withholding of Plaintiffs' bonus wages constitutes a violation of the public policies of this state.

WHEREFORE Plaintiff requests the following relief:

1. Defendant's conduct complained of herein be declared in violation of the public policy of the State of Iowa;

2. Plaintiffs be awarded compensatory damages;

3. Plaintiffs be awarded interest on the sum of compensatory damages;

4. Plaintiffs be awarded punitive damages;

5. Plaintiffs be awarded such other relief that is just and equitable.

/s/ Nathan Willems
NATHAN WILLEMS, AT0009260
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P. O. Box 637
Cedar Rapids, IA  52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com
ATTORNEY FOR PLAINTIFFS