# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DEVIN GRAINGER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRECISION OF NEW HAMPTON, INC.,<br><br>Defendant. | No. C22-2043-LTS-KEM<br><br>**ORDER** |

Plaintiff Devin Grainger has filed a motion (Doc. 29) to dismiss Count 5 (Retaliation in Violation of 29 U.S.C. § 215) and Count 6 (Wrongful Withholding of Bonus Wages in Violation of Public Policy) of the second amended class action petition (Doc. 2) with prejudice. Defendant Precision of New Hampton, Inc., has not filed a response and the time for doing so has passed. As such, Grainger's motion (Doc. 29) to dismiss Counts 5 and 6 will be granted.

This action was removed to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Doc. 1 at 2. Because Counts 5 and 6 were the only claims brought pursuant to federal law, and will no longer be part of this case, I find it appropriate to address, sua sponte, the issue of whether the court should exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367. A court must consider various factors, including judicial economy, convenience, fairness and comity, in deciding whether to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed. *See, e.g., Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021). In the "usual case," those factors will weigh against the exercise of supplemental jurisdiction under these circumstances. *Id*.

Having reviewed the relevant docket entries and considered the applicable factors, I find no reason for the court to exercise supplement jurisdiction over the remaining, state law claims. As such, this case will be remanded to the state court from which it was removed.

For the reasons set forth herein:

1. Plaintiff Devin Grainger's motion (Doc. 29) to dismiss Count 5 and Count 6 of the second amended class action petition (Doc. 2) is **granted**. Counts 5 and 6 are hereby **dismissed with prejudice**.

2. Because the remaining claims arise under state law, and the court declines to exercise supplement jurisdiction, this case is hereby **remanded** to the Iowa District Court for Chickasaw County, where it originated.

**IT IS SO ORDERED.**

**DATED** this 1st day of June, 2023.

_____
Leonard T. Strand, Chief Judge